**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 99-4560

STANLEY WILLIAMS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-98-270)

Submitted: April 20, 2000

Decided: May 3, 2000

Before LUTTIG, MOTZ, and KING, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

James F. Sumpter, JAMES F. SUMPTER, P.C., Richmond, Virginia,
for Appellant. Michael Cornell Wallace, OFFICE OF THE UNITED
STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Stanley Williams pleaded guilty to one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). He received a 120-month sentence. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but asserting that the district court erred when it denied Williams' motions for a downward adjustment as a minimal participant in the offense and for a downward adjustment for voluntary disclosure of the offense. Williams was notified of his right to file a pro se supplemental brief but has not done so. In accordance with the requirements of Anders, we have considered the entire record on appeal, as well as the brief, and find no error. Therefore, we affirm.

Williams first claims entitlement to a downward adjustment because he was a minor or minimal participant in the crime. See U.S. Sentencing Guidelines Manual § 3B1.2 (1998). Because Williams was the only known participant in the charged offense, the district court did not clearly err in denying the adjustment. See United States v. Gordon, 895 F.2d 932, 935 (4th Cir. 1990). Williams also asserts that the court should have departed downward because he told officers conducting a consent search where to find the drugs. See USSG § 5K2.16, p.s. A district court's decision not to depart downward from the guideline range is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked the authority to depart. See United States v. Barley, 898 F.2d 28, 30-31 (4th Cir. 1990). Because it is clear from the record that the court recognized its authority to depart and chose not to do so, we dismiss Williams' appeal as to the departure issue.

Pursuant to Anders, we have reviewed the record for potential error and have found none. Accordingly, although we dismiss that portion of the appeal challenging the denial of the motion for downward departure, we affirm Williams' conviction and sentence in all other respects. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Williams requests that such a petition be filed, but

2

counsel believes that a petition would be frivolous, counsel may then move in this court to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

3